UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIE DAVID,

    Plaintiff,

v.                                              Case No. 8:19-cv-02136-T-60JSS

BAYCARE HEALTH SYSTEMS,
INC.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant, BayCare Health Systems, Inc.'s, "Motion to Dismiss Plaintiff's Amended Complaint" filed on September 10, 2019. (Doc. # 6). Plaintiff, Marie David, filed a response in opposition on October 1, 2019. (Doc. # 10). Defendant filed a reply on November 12, 2019. (Doc. # 19). On review of the motion, response, reply, court file, and record, the Court finds as follows:

### Background[1]

Plaintiff was employed by Defendant as a Registered Nurse at St. Joseph's Hospital in Tampa, Florida for five years. In August 2018, Plaintiff met with the St. Joseph's Emergency Room Manager (the "ER Manager") and told her that she

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

believed the ER night shift was understaffed because it had only two triage nurses, rather than three like the day shift.

Following her objection to understaffing concerns, Plaintiff claims she was subjected to retaliatory conduct including: (1) she was passed over for a promotion; (2) her shifts were reduced; (3) she was given a verbal warning; and (4) she was placed on an "action plan" that included requirements for her to take classes and submit assignments.

Plaintiff additionally alleges that – at some point – there was "a seminal event" in the ER waiting room. As a result of the incident, Plaintiff and other nurses anonymously reported the incident. While Plaintiff claims Defendant sought to find out who made the report, there is no allegation that Defendant ever discovered that Plaintiff was one of the complainants.

In May 2019, seeing no improvement and feeling that Defendant had closed any opportunities for her advancement, Plaintiff resigned. On July 5, 2019, Plaintiff filed her complaint in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. On August 12, 2019, Defendant filed a motion to dismiss Plaintiff's complaint. On August 21, 2019, Plaintiff filed an amended complaint. On August 26, 2019, Defendant removed the case to this Court.

## **Legal Standard**

Motions to dismiss are designed to test the sufficiency of a plaintiff's complaint. At a minimum, a complaint must include "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). To do so, a plaintiff must explain the grounds for relief with sufficient facts to state a claim for

relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). The Court may only consider the facial sufficiency of the complaint, must accept all well-pleaded factual allegations as true, and is required to interpret the complaint "in the light most favorable to the [p]laintiff." *See Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). While a plaintiff need not provide a substantively detailed analysis of the allegations, to survive dismissal, a complaint must include more than "the-defendant-unlawfully-harmed-me" allegations that are simply a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

## Discussion

Plaintiff claims are brought under: (1) the Florida Whistleblower Act ("FWA"), (2) the Emergency Medical Treatment and Active Labor Act ("EMTALA"), and (3) the False Claims Act ("FCA"). Defendant alleges that Plaintiff has failed to state a claim as to any of the three counts.

### *Count I – Florida Whistleblower Act*

Under the FWA, "[a]n employer may not take any retaliatory personnel action against any employee because the employee has … [o]bjected to or refused to participate in, any activity, policy, or practice of the employer which is a violation of a law, rule, or regulation." § 448.102(3), *Florida Statutes*. To state a claim under the FWA, a plaintiff must prove that (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) the adverse employment

action was causally linked to the statutorily protected activity. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950 (11th Cir. 2000); *Bell v. Georgia-Pacific Corp.*, 390 F. Supp. 2d 1182, 1187–88 (M.D. Fla. 2005).

Florida courts disagree on the scope of statutory protections under the FWA. Florida's Fourth District Court of Appeal states that an employee engages in statutorily protected activity so long as she had a good faith, objectively reasonable basis to believe that she objected to "(i) an illegal activity, policy, or practice of an employer, (ii) illegal activity of anyone acting within the legitimate scope of their employment, or (iii) illegal activity of an employee that has been ratified by the employer." *Aery v. Wallace Lincoln-Mercury LLC*, 118 So. 3d 904, 916 (Fla. 4th DCA 2013) (quoting *Pinder v. Bahamasair Holdings Ltd.m Inc.*, 661 F. Supp. 2d 1348, 1351 (S.D. Fla. 2009)); *see Canalejo v. ADG, LLC*, Case No. 8:14-cv-00017-T-MAP, 2015 WL 4992000, at *2 (M.D. Fla. Aug. 19, 2015). Conversely, the Second District Court of Appeal limits the FWA's protections to employees who object to actual violations of a law, rule, or regulation. *See Kearns v. Farmer Acquisition Co.*, 157 So. 3d 458, 468 (Fla. 2d DCA 2015); *see Gonzalez v. GEO Group, Inc.*, Case No. 0:17-cv-62186-WPD, 2018 WL 7144484, at *2 (S.D. Fla. Dec. 21, 2018) (stating that "the majority of courts [require] … that the activity, policy or practice objected to is, in fact, in violation of a law, rule or regulation, not merely that the employee reasonably believed that the actions he objected to were in violation of a law, rule, or regulation"); *Graddy v. Wal-Mart Stores East, LP*, 237 F. Supp. 3d 1223, 1227 (M.D. Fla. 2017) (the text of the FWA "does not provide protection to employees for 'alleged' or 'suspected' violations of the law").

The Court need not determine which district's approach to adopt at this stage because Plaintiff has failed to state a claim under either approach. Plaintiff alleges that her objections and reports were in response to actual violations of: (1) 42 U.S.C. § 1395dd, (2) 42 C.F.R. § 489.24, (3) 42 C.F.R. § 482.55, (4) § 395.1041, *F.S.*, and (5) Fla. Admin. Code r. 59A-3.255(6). (Doc. # 1-3, ¶ 29). Understaffing alone is not an actual violation of any of these laws.[2] Taking Plaintiff's allegations as true, although Plaintiff has not pled facts that make Defendant's operations unlawful. Therefore, Plaintiff's allegations do not meet the standard set out by the Second District Court of Appeal. *See Kearns*, 157 So. 3d at 468.

Further, Plaintiff has not stated any facts that could allow one to reasonably believe Defendant had violated the law. While Plaintiff has pled a reasonable, good faith belief that Defendant operates its ER in a manner that is improper – or perhaps even unethical – she has not pled facts that, if true, allow for a reasonable, good faith belief that Defendant has violated the law through its practices. Therefore, Plaintiff's complaint does not meet the standard of the Fourth District Court of Appeal. *See Aery*, 118 So. 3d at 916. As a result, Count I is dismissed without prejudice.

### *Count II – Emergency Medical Treatment and Active Labor Act*

EMTALA is designed to ensure that all persons receive "appropriate medical screening" examinations in hospital emergency rooms. *Holcomb v. Monahan*, 30 F.3d 116, 116 n.2 (11th Cir. 1994); 42 U.S.C. § 1395dd(a). Under EMTALA, a

---

[2] The Court further notes that, while Plaintiff states "a seminal event" occurred in the ER waiting room, she has not provided any facts to explain what that means or how it might be associated with her claim.

hospital must (1) conduct a medical examination to determine if the patient is suffering from an emergency medical condition; and (2) if an emergency medical condition exists, stabilize the patient before transporting them elsewhere. *Harry v. Marchant*, 291 F.3d 767, 770 (11th Cir. 2002); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 796 (10th Cir. 2001). An EMTALA violation only exists where a hospital "either fails to adequately screen a patient, or discharges or transfers the patient without first stabilizing the patient's emergency medical condition." *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1310 (11th Cir. 2006) (citing *Harry*, 291 F.3d at 770); *see Stovall v. H.C. Healthcare, Inc.*, 3:09-cv-00835-J-34JBT, 2011 WL 13295399, at *3–4 (M.D. Fla. Feb. 16, 2011) (stating that EMTALA does not act as a "guarantee that all patients receive a proper diagnosis or even that patients receive appropriate care").

Plaintiff claims that she is protected under EMTALA's whistleblower protections. EMTALA whistleblower protections extend to an employee if she can establish that she "was acting under a good faith, reasonable belief that a violation existed." *Gillispie v. RegionalCare Hosp. Partners Inc.*, 892 F.3d 858, 593 (3d Cir. 2018). However, an EMTALA whistleblower, unlike an FWA whistleblower, cannot satisfy the statute by simply objecting to wrongful conduct. Instead, EMTALA only protects employees who "refuse[d] to authorize the transfer of an individual with an emergency medical condition that ha[d] not been stabilized or … report[ed] a violation of a requirement of this section." 42 U.S.C. § 1395dd(i). Therefore, to state a claim under EMTALA's whistleblower protections, a plaintiff must allege sufficient facts to establish: (1) a good faith, reasonable belief that the defendant

was engaged in a violation of EMTALA; and (2) that, as a result of the plaintiff's belief that the defendant committed an EMTALA violation, she either refused to authorize a discharge or transfer of the relevant patient or reported the violation.

In Count II, Plaintiff merely states that she "report[ed] violations of EMTALA, including failing to provide appropriate medical screenings to individuals that sought treatment in the emergency department due to understaffing." (Doc. # 1-3, ¶ 34). This statement is a mere conclusory allegation that directly tracks the language of the statute. *See Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013); *Iqbal*, 566 U.S. at 678–79; *Twombly*, 550 U.S. at 570. Plaintiff must plead facts that describe a violation of EMTALA and subsequent action by her in response to state a claim under EMTALA's whistleblower protections. As she has failed to do so here, Count II is dismissed without prejudice.

## *Count III – False Claims Act*

The FCA serves as one of the primary vessels for combatting fraud against the federal government and federal programs. *See United States ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 809 (11th Cir. 2015); *Mann v. Olsten Certified Healthcare Corp.*, 49 F. Supp. 2d 1307, 1312 (M.D. Ala. 1999). As a means to encourage whistleblowers who are aware of FCA violations, the Act provides protection for employees who report fraud against the federal government. *See* 31 U.S.C. § 3730(h). To state a claim under § 3730(h) of the FCA, a plaintiff must show (1) the employee engaged in conduct protected under the FCA; (2) the employer knew the employee was engaged in such conduct; and (3) the employer retaliated against the employee because of the protected conduct. *See Blackhurst v. Lee Cty.*,

2:18-cv-00061-FtM-99UAM, 2019 WL 952269, at *5 (M.D. Fla. Feb. 27, 2019) (citing *Mack v. Augusta-Richmond Cty.*, 148 F. App'x 894, 897 (11th Cir. 2005)).

An employee's conduct is protected under the FCA only if the employee reports her employer for fraud against the federal government. *Id.*; *see, e.g. Arthur v. Global TPA LLC*, 208 F. Supp. 3d 1260, 1267 (M.D. Fla. 2019). Here, Plaintiff does not allege that Defendant was actually committing fraud against the federal government, but rather that the actions she objected to could – at some point in the future – hypothetically be connected to fraud against the federal government. Such an allegation is insufficient to bring the conduct at issue within the statutory scope of the FCA. As a result, Count III is dismissed without prejudice.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss Plaintiff's Amended Complaint" (Doc. # 6) is **GRANTED**.

2. Plaintiff's Amended Complaint (Doc. # 1-3) is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff may file a second amended complaint on or before January 6, 2020.

**DONE** and **ORDERED** in Chambers in Tampa, Florida this 16th day of December, 2019.

                              **TOM BARBER**
                              **UNITED STATES DISTRICT JUDGE**